[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Progressive Northwestern Insurance Company (hereinafter "Progressive"), brings this action seeking a resolution of its liability to, and/or duties owed to, the defendants resulting from an automobile insurance coverage policy number 1427642-0, issued by the plaintiff to defendants, Hector Torres and Madeline Murphy. CT Page 13467
The relevant factual situation underlying this action is as follows:
The plaintiff issued the above-mentioned automobile insurance policy to the defendants, Hector Torres and Madeline Murphy, for the period from January 11, 1996 to July 11, 1996. This policy provided coverage for two automobiles: one a Nissan Maxima, vehicle identification number IN1CA21D2ST054430, and a 1994 Plymouth Grand Voyager, vehicle identification number lP4GH44R2RX142681.
On September 27, 1996, the defendant, Madeline Murphy, was in an automobile accident. The Police Accident Report (Plaintiff's Exhibit 1) sets out the defendant, Madeline Murphy, as the driver of a 1989 Plymouth automobile, registration 4X2984, vehicle identification number 1P4FH5437KX62718, involved in that accident.
Murphy claims the Police Accident Report incorrectly identified her automobile as a 1989 Plymouth van, when in fact it was a 1994 Plymouth Grand Voyager, vehicle identification number 1P4GH44R2RX142681. She presented Defendant's Exhibit A to show that she had owned the 1989 Plymouth mentioned in the Police Report, but had turned it in when she purchased the 1994 Plymouth Grand Voyager on June 28, 1995 from Town Country Auto Sales, Inc.
Further, the Police Report sets out the information as to Madeline J. Murphy's automobile insurance coverage as "Charter Oak Fire, policy number 9208442391011."
The issues raised by the parties concern the effective termination date of plaintiff's policy number 01427642-1 and what effect on that termination date the application of General Statutes § 38a-323 has on the factual situation set out herein.
The plaintiff claims that it mailed to Murphy on May 29, 1996 a "Notice of Payment Due" for renewal of policy no. 01427642-2, indicating that the policy would expire on July 11, 1996; that if the defendants wanted the policy to continue in effect after the July 11, 1996 date, they were required to pay the premium due by July 11, 1996; and that Murphy's failure to pay the premium due by July 11, 1996 effectively terminated the insurance coverage on that date. CT Page 13468
Further, the plaintiff argues that it met its statutory obligations regarding notice of the ending of insurance coverage on July 11, 1996, as provided by the plaintiff's policy.
The plaintiff further points out that even if it had failed to send out the notice regarding the ending of the insurance coverage and its offer to renew the policy upon receipt of the premium due by July 11, 1996, it still had plied with the requirements of General Statutes § 38-323, specifically § 38-323(c), since Murphy failed to exercise the options within thirty (30) days set out therein for continuance of the insurance coverage.
The court concurs with the plaintiff's conclusion that its auto insurance policy number 1427642 automatically terminated by the policy's terms on July 11, 1996; further, that plaintiff's offer to extend the policy after the July 11, 1996 date was not accepted by the defendants and that the condition set forth in the plaintiff's offer, i.e., payment of the premium, was not carried out by the defendants; and further that the plaintiff mailed the notice required by statute to the defendants within the thirty (30) day statutory period.
Additionally, Murphy made no attempt to continue the plaintiff's insurance coverage after the July 11, 1996 termination date by complying with the options set out in General Statutes § 38a-323(c).
Therefore, Judgment may enter for the plaintiff as follows:
That the plaintiff's automobile insurance policy coverage of defendants' vehicles set out in policy number 1427642 terminated on July 11, 1996; and
That the plaintiff owes no duty under that policy to protect Madeline J. Murphy's interests after that termination date, nor to protect any third party interests that may have arisen after that date resulting from acts or omissions of Madeline J. Murphy.
Kremski, J.T.R. CT Page 13469